Robert F. HUGHES, Appellant,

v.

NOVI AMERICAN, INC., Appellee.

OAKWOOD MANUFACTURING,
INC., Appellant,

v.

NOVI AMERICAN, INC., Appellee.

Appeal Nos. 83–998, 83–999.

United States Court of Appeals,
Federal Circuit.

Jan. 6, 1984.

Douglas W. Sprinkle, Birmingham, Mich., argued for appellant Hughes.

Louis J. Burnett, Birmingham, Mich., argued for appellant Oakwood, Inc.

Hiram P. Settle, Washington, D.C., argued for appellee Novi American; Royal Targan, Novi, Mich., of counsel.

Before KASHIWA, and NIES, Circuit

Judges, and KELLAM,* Senior District Judge.

NIES, Circuit Judge.

Oakwood ·Manufacturing, Inc., a Michigan corporation, together with Robert F. Hughes, the inventor named in the patent in suit, sued Novi American, Inc., for patent and copyright infringement and other related charges. The United States District Court for the Eastern District of Michigan, following a bench trial before Judge Thornton, found the subject patents and copyrights invalid and not infringed. Further, the court held that this was an "exceptional case" warranting an award of attorney fees and costs under 35 U.S.C. § 285 and 17 U.S.C. § 505 against each of the plaintiffs. Oakwood and Hughes separately appeal these awards asserting that only the other should be held liable for all or part of the award. We find no merit in their arguments and affirm the trial court's decision on these issues in all respects. Hughes also appeals the denial of a motion to be dismissed as a party. That decision is also affirmed. Our jurisdiction is found in 28 U.S.C. § 1295(a)(1), the jurisdiction of the district court being based in part on a patent claim under 28 U.S.C. § 1338(a).

I

Appellant Oakwood is engaged in the manufacture and sale of wood deck kits, rail posts, rail post brackets and deck brackets ("deck products") for the construction of outdoor patio decks. Hughes, Oakwood's co-plaintiff in this action, is the inventor named in United States Letters Patent 4,081,940, issued April 4, 1978, and 3,921,-356, issued November 25, 1975, covering certain deck products and methods of use, respectively. Hughes was formerly president and majority stockholder of Erecto-Pat Company, to whom he assigned his patent rights.

By virtue of a bankruptcy sale of Erecto-Pat's assets, Oakwood became the owner of the patents in suit in 1978. In 1979 Oakwood learned that Novi was offering competitive deck products for sale and was using certain printed promotional materials similar to materials of Oakwood. This suit was promptly commenced charging Novi, *inter alia,* with infringement of the '940 and '356 patents and infringement of Oakwood's purported copyrights. Other counts of the complaint, such as trademark infringement, conspiracy, and false representation, are not relevant here.

Irving M. Weiner of Smithfield, Michigan, was the attorney who prosecuted the patents in suit for Hughes/Erecto-Pat and originally represented both Hughes and Oakwood in this litigation.

Novi successfully defended the charges of patent infringement on the grounds that the patents were invalid under 35 U.S.C. § 102(b) in that the inventions had been on sale by Hughes more than one year prior to the filing of the patent applications and also on the ground that its products did not infringe the '356 patent, that is, the devices did not fall within the claims.

The charges of copyright infringement were also dismissed. Each of the three works allegedly copied by defendant was held to be in the public domain because of publication without notice of copyright, such notice being required for works published before January 1, 1978. In any event, only one copyright registration was issued by the Copyright Office. Applications were prosecuted for two other works but these had been refused registration shortly before the complaint was filed because of the lack of the required notice.

The court awarded defendants reasonable attorney fees in the amount of $44,195 and costs of $3,000, finding the case met the requirements for such awards under the copyright and patent statutes, 17 U.S.C. § 505 and 35 U.S.C. § 285, respectively, in that Hughes was guilty of fraud in procuring the patents and that each plaintiff and their attorney, Irving M. Weiner, knowing

---

* The Honorable Richard B. Kellam, Senior District Judge, United States District Court, East-ern District of Virginia, sitting by designation.

long prior to trial that the asserted patents and copyrights were invalid, persisted in the suit on these counts. Also the court found that the charge that Novi's products were covered by the claims of the patent was made in bad faith.

In making its determination as to the amount of the award for attorney fees and costs, the court required detailed submission of the hours spent by defendant's counsel on non-patent and non-copyright issues and limited the award to expenditures in connection with patent and copyright issues. Only the propriety of the award, not the amount, is challenged on appeal.

Following issuance of the decision of the court in favor of Novi on all issues, Hughes obtained other counsel and brought a motion under Fed.R.Civ.P. 21 to be dismissed as a party, asserting he had been led to believe by Weiner that, as the inventor, he had to participate in the patent litigation. Hughes' appeal attacks the denial of this motion and asserts that as a matter of law, only Oakwood, the party having the real interest and control of the suit, may be held liable for costs and attorney fees in the action.

Oakwood, also represented by other counsel after trial, argues that only Hughes should have been held liable in view of Oakwood's lack of knowledge of Hughes' fraud on the Patent and Trademark Office and Oakwood's good faith reliance on advice of its former counsel Weiner. Oakwood also challenges the court's reliance on Oakwood's conduct during discovery as a basis for the award.

## II

### A

The trial court in this case exercised authority under the following statutory provisions in making its award of attorney fees and costs:

35 U.S.C. § 285: The court, in exceptional cases, may award reasonable attorney fees to the prevailing party.

and

17 U.S.C. § 505: In any civil action under this title the court, in its discretion, may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

While an award of attorney fees is to be reviewed under the standard of whether such award constitutes an abuse of discretion, an award must be set aside if it is unsupported by adequate findings of the basis for the award, thereby precluding meaningful review, or if the award is made for work on issues not covered by the statutory provision. *Stickle v. Heublein, Inc.,* 716 F.2d 1550, 1564–65, 219 USPQ 377, 387–88 (Fed.Cir.1983).

In this case the consideration given by the trial judge to the issue of attorney fees under the above statutes was exemplary. Not only were the grounds for the awards spelled out in detail for each party, but also billings of counsel were scrutinized and adjusted and charges for services other than in connection with patent and copyright claims were eliminated.

In sum, the findings of the trial court pertinent to attorney fees were that the plaintiff Hughes, while an officer and employee of Erecto-Pat, was engaged in a commercial operation of substantial magnitude involving sales and advertising of the subject "patented" device as much as two years prior to the filing of the patents in suit; that Hughes' oath in the applications, therefore, contained an intentional misrepresentation to the Patent and Trademark Office or was a representation made in an atmosphere of gross negligence as to its truth; that "plaintiffs denied their own prior public use and sale of the patented brackets in their answers to interrogatories posed by the defendant prior to trial . . . [and] persisted in the maintenance of the present litigation even though plaintiffs had knowledge of the invalidating prior use and sale of the plaintiff Hughes himself"; and, finally, that "plaintiffs could not in

good faith believe that defendant's ground saddle infringed the '356 patent, since even a cursory reading of the claim makes obvious the fact of noninfringement."

With respect to the copyright claim, the court stated:

Such fees and costs are awarded here in view of the plaintiffs' actions in persisting in a claim of copyright infringement when plaintiffs and their attorney well knew one and one-half years prior to the trial that two of the copyrights were refused registration and the third copyright material had been identically published prior to January 1, 1978. The false and misleading answers to interrogatories and requests for admissions filed by defendants further reinforces the award of fees and costs, and further demonstrate the bad faith and inequitable or unconscionable conduct of the plaintiffs during the entire course of this case.

In this connection, it must be noted that plaintiff Oakwood prosecuted the copyright applications. The court carefully examined the files of the copyright applications in the Copyright Office, noting that plaintiffs' attorney, Weiner, had been repeatedly informed, the third time by telephone and by letter of May 11, 1979, that the Copyright Office would not issue copyrights because of the notice deficiency; that this was known prior to the filing of the complaint; that plaintiffs' answers on February 2, 1980, that the booklets were published with a copyright notice, were false and misleading; and that the copyright registration for the third work was invalid because of false representations to the Copyright Office, namely, that the work was a "derivative work," when, in fact, it was a duplicate of a brochure previously published by Erecto-Pat which was in the public domain.

### B

In challenging the award of fees in connection with the patent count, Oakwood states that it "relied upon the statutory presumption of validity" and that no record facts are present to demonstrate that Oakwood brought this infringement suit other than in good faith. Oakwood argues that *as a matter of law,* attorney fees cannot properly be awarded against a patent owner plaintiff absent evidence that the patent was acquired by fraud or the suit was brought without a good faith belief in the validity of the patent. As authority for this premise, Oakwood quotes from *Arbrook, Inc. v. American Hospital Supply Corp.,* 645 F.2d 273, 210 USPQ 84 (5th Cir. 1981). In *Arbrook* the plaintiff's conduct in prosecution of a patent application was the basis for the award and any quotation from the case must be read in that context. It does not provide authority for the rule of law asserted by Oakwood. In any event, this court has stated that a case under 35 U.S.C. § 285 "may be exceptional for some other reason" than inequitable conduct during prosecution. *Orthopedic Equipment Co. v. All Orthopedic Appliances,* 707 F.2d 1376, 1384, 217 USPQ 1281, 1287 (Fed.Cir.1983). Thus, we reject Oakwood's premise that attorney fees may not be awarded against a patent plaintiff for continuance of a suit in bad faith or other misconduct during trial. Further, the record supports the trial court's exercise of discretion in awarding attorney fees under 35 U.S.C. § 285. There is no dispute that evidence of sales and advertising which barred the grant of a patent was brought to light seven months prior to trial. Oakwood had no basis thereafter for asserting ignorance of the facts.

In connection with the fees on the copyright count, Oakwood does not deny that its attorney, Weiner, knew that Oakwood's claims to copyrights were not valid. However, Oakwood asks to be judged apart from the acts of its counsel. Even if we were to screen Oakwood from Weiner, this would not eliminate the fact that an Oakwood employee (Kaminski), who previously had been employed by Erecto-Pat, admitted prior publication by Erecto-Pat of the brochure for which copyright registration was wrongfully obtained. Moreover, Oakwood, through its officer, gave false answers to interrogatories concerning the purported copyrights. Thus, it is unnecessary to rely on any imputed bad faith in making the

award in view of the above-indicated conduct of Oakwood itself.[1]

No abuse of discretion has been shown with respect to the awards of attorney fees against Oakwood.

## C

The position of the individual appellant, Hughes, is that he was not a necessary party to the suit having merely a security interest in the patents and no interest whatsoever in the copyrights. Therefore, Hughes argues, but without citation of precedent, that his motion for dismissal as a party under Fed.R.Civ.P. 21[2] should have been granted. We disagree.

 Hughes was not a latecomer or involuntary participant in the suit but, rather, jointly filed the complaint. Then, in answer to an interrogatory concerning how Hughes had been damaged by acts of defendant, he responded that "Oakwood has an agreement to pay Mr. Hughes for the use of patent rights, manufacturing rights, trademarks, etc."; that the unfair acts of Novi with respect to Oakwood "have in turn impaired and have the continuing tendency to impair the ability of Oakwood to keep its contractual obligations to Mr. Hughes"; that Novi's actions "have defamed Mr. Hughes"; "have impaired the goodwill and business reputation of Mr. Hughes and Oakwood"; "have caused Mr. Hughes and Oakwood to incur mental anxiety, loss of business, great inconvenience, expenses and attorney's fees." Hughes having stated a reasonable basis for his joining in asserting the claim against Novi and having proceeded through trial, we find no legal basis for recognizing that he had a right to withdraw and thereby avoid a

judgment on the merits against him. Accordingly, we hold that the trial court committed no error of law nor an abuse of discretion in not permitting Hughes to be dismissed as a party.

 With respect to the attorney fees award, the trial court took pains to look at Hughes' personal conduct during the trial in making the award against him. That Oakwood controlled the litigation, not Hughes, does not explain Hughes' false answers to interrogatories or his awareness that Novi did not infringe. In addition to the action during the suit, the court also relied on his conduct before the Patent and Trademark Office. No abuse of discretion has been demonstrated with respect to the award against Hughes.

Hughes also asks us to find him a party to the litigation at most for the patent phases, thereby eliminating his liability under 17 U.S.C. § 505. This, however, is not in accordance with his response to the interrogatories, nor do we think his litigation posture can be so finely parsed.

## III

The decision of the trial court awarding fees to appellee under 35 U.S.C. § 285 and 17 U.S.C. § 505 against Oakwood and Hughes is *affirmed.*

AFFIRMED.

---

1. We find no merit in Oakwood's argument that the part of the fees attributable to abuse of discovery were waived for failure to seek relief under Fed.R.Civ.P. 37. Had relief under Rule 37 been obtained, no duplicate award would be appropriate, but there is no basis for finding waiver.

2. Fed.R.Civ.P. 21 reads:

Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.