826 F.2d 1073
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
COOPER INDUSTRIES, INC., Plaintiff-Appellant,
v.
JUNO LIGHTING, INC., Defendant/Cross-Appellant,
and
Robert FREMONT, Defendant.
 Appeal Nos. 87-1146, 87-1158
 United States Court of Appeals, Federal Circuit.
 July 27, 1987.
 
 Before RICH, SMITH and NIES, Circuit Judges.
 RICH, Circuit Judge.
 
 DECISION
 
 1
 Cooper Industries, Inc. (Cooper) appeals from the judgment notwithstanding the verdict (JNOV) of the United States District Court for the Northern District of Illinois, Eastern Division (Will, S.J.), holding that Juno Lighting, Inc. (Juno)* had not infringed any claim of Cooper's patent No. 4,450,512 ('512 patent) entitled 'Arrangement for Mounting a Thermal Protective Device in a Recess Mounted Lighting Fixture' and that the patent is invalid. We affirm. Juno cross-appeals from the denial of its request for attorney fees which we also affirm.
 
 OPINION
 Infringement
 
 2
 To convince this court that the district court erred in granting Juno's motion for JNOV on infringement, Cooper must show that there was substantial evidence to support the jury's finding. See, e.g., Fonar Corp. v. Johnson & Johnson, 3 USPQ2d 1109, 1112 (Fed. Cir. 1987); Orthokinetics, Inc. v. Safety Travel Chairs, Inc., 806 F.2d 1565, 1571, 1 USPQ2d 1081, 1085 (Fed. Cir. 1986). Cooper mistakenly asserts that in deciding whether there was substantial evidence, 'the focus is on the evidence that supports the verdict, not on the evidence that might support a contrary conclusion.' Rather, as this court recently reiterated in Fonar, supra, "[s]ubstantial evidence' is such relevant evidence from the record taken as a whole as might be accepted by a reasonable mind as adequate to support the finding under review.' 3 USPQ2d at 1112 (quoting Perkin Elmer Corp. v. Computervision Corp., 732 F.2d 888, 893, 221 USPQ 669, 673 (Fed. Cir.), cert. denied, 469 U.S. 857 (1984)) (emphasis added).
 
 
 3
 Applying this standard, we conclude, as did the district court, that no substantial evidence supports the jury's finding that Juno's TC2 fixture infringed claims 1-5 and 9-13 of the '512 patent. No witness, either for the plaintiff or the defendant, testified that the thermal protector in Juno's TC2 fixture sensed or responded to the temperature in the area adjacent to the outside of the container. The only evidence of infringement Cooper offered at trial was the testimony of the inventor, Paul Kristofek. He stated that he assumed that the Juno TC2 fixture responded to the outside temperature.
 
 
 4
 Juno, on the other hand, presented both testimony and test data which showed that the thermal protector in its fixture responded to the temperature inside the container. In fact, the evidence showed conclusively that the thermal protector could not sense or respond to the outside temperature if mounted inside.
 
 
 5
 Thus, we agree with the district court that, on this record, reasonable persons understanding the evidence could not have reached a verdict of infringement.
 
 Invalidity
 
 6
 The district court held the '512 patent invalid on the ground that the device described in the patent specification 'does not and cannot function as claimed.' We agree.
 
 
 7
 Despite the inventor's theory of how his invention worked, the only evidence showed that a thermal protector mounted inside a container as specified in the '512 patent would not and could not sense or respond to the outside temperature. Therefore, the claims are invalid for either lack of utility under Sec. 101 or lack of enablement under Sec. 112, first paragraph. See Raytheon Co. v. Roper Corp., 724 F.2d 951, 956, 220 USPQ 592, 596 (Fed. Cir. 1983), cert. denied, 469 U.S. 835 (1984).
 
 Other Issues
 
 8
 Since Cooper is not the prevailing party, we need not decide whether the district court erred in refusing to submit to the jury Cooper's claim that this was an exceptional case. Juno's claim that this was an exceptional case, however, remains.
 
 
 9
 Juno has accused Cooper of bringing and maintaining this suit in bad faith and of other misconduct during the trial. The district court, however, denied Juno's request for attorney fees under both 35 USC 285 and Rule 11, Fed. R. Civ. P., in part because it felt that Juno's counsel mishandled the case.
 
 
 10
 While continuance of a suit in bad faith or other misconduct during trial may make a case exceptional under 35 USC 285, see, e.g., Hughes v. Novi Am., Inc., 724 F.2d 122, 125, 220 USPQ 707, 710 (Fed. Cir. 1984), judgments of a district court concerning good and bad faith are not easily overturned, Western Marine Elecs., Inc. v. Furuno Elec. Co., 764 F.2d 840, 847, 226 USPQ 334, 339 (Fed. Cir. 1985). Juno has not shown that there was substantial evidence which would have required the court to submit the case to the jury.
 
 
 11
 Juno apparently throws in Rule 11 for good measure, asking for sanctions against Cooper. This is obviously not a case for Rule 11 sanctions. As the district court pointed out, Cooper demonstrated that it could win before a jury. Although the district court ultimately granted judgment for Juno, it was apparently in spite of its counsel's performance, not because of it.
 
 
 
 *
 Defendant Robert Fremont, President of Juno, was dismissed from the case and is not involved in this appeal