864 F.2d 148
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Oran STROUSS, Plaintiff-Appellant,
v.
KRAFT, INC., Defendant/Cross-Appellant.
 Nos. 88-1190, 88-1191.
 United States Court of Appeals, Federal Circuit.
 Nov. 2, 1988.
 
 Before EDWARD S. SMITH, NIES and PAULINE NEWMAN, Circuit Judges.
 NIES, Circuit Judge.
 
 DECISION
 
 1
 Oran L. Strouss appeals from the judgment entered on a jury verdict, by the United States District Court for the Central District of California, No. CV 85-8074 RG (Bx) (Sept. 24, 1987), which in answer to specific interrogatories said that United States Patent No. 4,339,465 ('465) was invalid under 35 U.S.C. Sec. 102(b) (1982) and unenforceable due to inequitable conduct. Kraft, Inc. cross appeals from that part of the judgment entered on the jury's finding, inter alia, of willful infringement, and the district court's denial of Kraft's motion for attorney fees under 35 U.S.C. Sec. 285 (1982), Federal Rules of Civil Procedure 11, and/or 28 U.S.C. Sec. 1927 (1982). Motions for JNOV were made by both parties and were denied. We affirm the judgment in favor of Kraft and the denial of Kraft's attorney fees request.
 
 OPINION
 
 2
 Strouss argues that the jury's answer that the '465 patent is invalid under section 102(b) is not supported by substantial evidence. He contends that the use of the claimed method for de-panning baked goods, more than a year before an application was filed claiming that method, was an experimental use which was reasonable considering the reality of testing the method by commercial bakers.
 
 
 3
 On appeal from the denial of a motion for JNOV, it must be shown that the jury's findings are not supported by substantial evidence, or, if they were, that the legal conclusions implied from the jury's verdict cannot in law be supported by those findings. Perkin-Elmer Corp. v. Computervision Corp., 732 F.2d 888, 893, 221 USPQ 669, 673 (Fed.Cir.), cert. denied, 469 U.S. 857 (1984). The evidence supporting Strouss's position is not so overwhelming, as compared to Kraft's, that reasonable jurors could not have found the latter to be clear and convincing. See id. (" 'Substantial' evidence is such relevant evidence from the record taken as a whole as might be accepted by a reasonable mind as adequate to support the finding under review.") The evidence of the length of the testing period and the extensiveness of the testing could well have been considered by the jury as beyond reasonable experimentation and, therefore, a public use of the invention under section 102(b). Strouss has wholly failed to convince us that he has met his burden of showing that no reasonable jury, on the evidence of record, coudl have answered that the claimed method was invalid under section 102(b).
 
 
 4
 Because we affirm the judgment entered on the jury's special verdict regarding invalidity, we need only review the inequitable conduct issue as it relates to the court's denial of attorney fees.
 
 
 5
 Kraft posits in its brief that "[i]t is well settled that a finding of 'inequitable conduct' [before] the Patent and Trademark Office in and of itself, renders a case 'exceptional' within the meaning of 35 U.S.C. Section 285." We disagree. In fact our precedent states, "[I]t has not been held that every case of proved inequitable conduct must result in an automatic attorney fee award, or that every instance of inequitable conduct mandates an evaluation of the case as 'exceptional'." Gardco Mfg., Inc. v. Herst Lighting Co., 820 F.2d 1209, 1215, 2 USPQ2d 2015, 2020 (Fed.Cir.1987). In any event, our case law holds that, even with a determination of inequitable conduct, it remains a matter in the court's discretion whether or not to award attorney fees under section 285. Id.; J.P. Stevens Co. v. Lex Tex Ltd., 822 F.2d 1047, 1050, 3 USPQ2d 1235, 1237 (Fed.Cir.1987). Because Kraft has not persuaded us that the trial court abused its discretion in not awarding attorney fees, we affirm the denial of fees under section 285. We are equally unpersuaded by its arguments relating to the award of attorney fees under Rule 11 and 28 U.S.C. Sec. 1927.
 
 
 6
 Having affirmed the judgment of invalidity, we need not review Kraft's challenges to that part of the judgment relating to willful inducement of infringement and reasonable royalty.
 
 
 7
 Kraft's motion to strike portions of the appendix, and its motion to include additional materials in the appendix and for leave to file a supplemental appendix including such materials, have been considered but are mooted by the decision in this case.