897 F.2d 539
 17 U.S.P.Q.2d 1084
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
WIRCO, INC., Plaintiff-Appellant,
v.
ROLOCK, INC., Defendant/Cross-Appellant.
 Nos. 89-1473, 89-1495.
 United States Court of Appeals, Federal Circuit.
 Feb. 14, 1990.
 
 PER CURIAM.
 
 DECISION
 
 1
 The judgment of the United States District Court for the Southern District of Indiana, No. IP 86-1303-C (December 12, 1988), holding Wirco, Inc.'s U.S. Patent 4,337,872 unenforceable due to inequitable conduct before the Patent and Trademark Office and denying Rolock Inc.'s request for attorney fees is affirmed.
 
 OPINION
 Inequitable Conduct
 
 2
 Wirco had adequate notice of and a fair opportunity to counter Rolock's defense of inequitable conduct. Indeed, Wirco impliedly consented to trial of the issue. Therefore, the district court did not abuse its discretion in reaching inequitable conduct.
 
 
 3
 Rolock raised the inequitable conduct issue in 1) its contentions of fact and contentions of law, 2) its memorandum in support of a motion for summary judgment, and 3) its pre-trial brief. Wirco does not dispute that it had adequate notice of Rolock's Walker Process claim based upon fraudulant procurement. In its amended counterclaim, Rolock alleged that Wirco violated the antitrust laws by "seeking to enforce the patent-in-suit which ... was ... unenforceable by reason of ... fraudulent procurement thereof through misrepresentations to the patent examiner at the U.S. Patent and Trademark Office and concealment of highly relevant prior art therefrom." The defense of inequitable conduct is subsumed in this claim, which additionally requires proof of specific intent and other elements of a claim under section 2 of the Sherman Act. See Argus Chemical Corp. v. Fibre Glass-Evercoat Co., 812 F.2d 1381, 1384, 1 USPQ2d 1971, 1973 (Fed.Cir.1987).
 
 
 4
 Wirco's conduct during and after the trial amounts to implied consent to trial of the inequitable conduct issue. Matter of Prescott, 805 F.2d 719, 725 (7th Cir.1986). It did not object to Rolock's evidence or arguments on the issue. In fact, one section of Wirco's own proposed findings of fact and conclusions of law is headed, "Invalidity or Unenforceability due to Fraud or Inequitable Conduct Before the Patent Office." Even if it initially thought the inequitable conduct issue was merely part of Rolock's Walker Process claim and not an independent issue, Wirco still had a fair opportunity to present evidence to counter the allegation because, except for the level of intent, the substance of the issues is the same.
 
 
 5
 The district court did not abuse its discretion in holding Wirco's patent unenforceable for inequitable conduct before the PTO. Wirco has not persuaded us that the district court's discretionary ruling is based on clearly erroneous findings of fact or a misapplication or misinterpretation of the applicable law or that the ruling evidences a clear error of judgment. Merck & Co., Inc. v. Danbury Pharmacal, Inc., 873 F.2d 1418, 1420, 10 USPQ2d 1682, 1685 (Fed.Cir.1989).
 
 
 6
 The inequitable conduct resides in both a failure to disclose material information, the sale of furnace baskets based on the 1976 application, and the submission of false material information, the misrepresentation of the prior art in the patent application, with intent to deceive. The district court's findings on materiality and intent are not disturbed unless this court has a definite and firm conviction that a mistake has been made, that they are clearly erroneous. Kingsdown Medical Consultants Ltd. v. Hollister Inc., 863 F.2d 867, 872, 9 USPQ2d 1384, 1389 (Fed.Cir.1988) (in banc).
 
 
 7
 We find no error in the district court's finding of materiality. Withheld prior art or misrepresentations are material if a reasonable examiner would consider the undisclosed or misrepresented information important in deciding whether to issue the patent. Merck & Co. v. Danbury Pharmacal, Inc., 873 F.2d at 1421, 10 USPQ2d at 1686. The 1976 baskets were the closest prior art because they embodied every feature of the invention claimed in the 1980 patent application except the four spaced rods on the inside top edge of the basket walls. That the examiner rejected the originally filed claims based on a combination of references showing some of the features of the 1976 baskets does not mean that the pre-filing date sales of these baskets is merely cumulative of the other prior art. Wirco does not dispute that the undisclosed baskets are the only prior art that embodies a fully pressure-welded grid with perimetral bands around the middle and upper outside rim of the basket. The addition of another feature does not make the earlier prototype immaterial. Gardco Mfg. Inc. v. Herst Lighting Co., 820 F.2d 1209, 1214, 2 USPQ2d 2015, 2020 (Fed.Cir.1987).
 
 
 8
 The examiner's independent discovery of undisclosed prior art does not preclude a finding of materiality. A.B. Dick Co. v. Burroughs Corp., 798 F.2d 1392, 1396, 230 USPQ 849, 853 (Fed.Cir.1986). It is irrelevant that in A.B. Dick the applicant's own statements indicated that the undisclosed references described a device and methodology very similar to the claimed invention, while here there is no evidence that Wright assigned any degree of materiality to the 1976 application or the baskets. If Wright and his patent attorney believed that the 1976 baskets were not material to the examination of the 1980 patent application, their belief was unreasonable. FMC Corp. v. Manitowoc Co., 835 F.2d 1411, 1415, 5 USPQ2d 1112, 1115 (Fed.Cir.1987) ("an applicant who knew of the art or information cannot intentionally avoid learning of its materiality through gross negligence, i.e., it may be found that the applicant 'should have known' of that materiality", citing J.P. Stevens & Co. v. Lex Tex Ltd., 747 F.2d 1553, 1560, 223 USPQ 1089, 1092 (Fed.Cir.1984)).
 
 
 9
 The district court's finding that the misrepresentations and omissions were made with the requisite intent is unobjectionable. The intent element of inequitable conduct cannot always be inferred from a pattern of conduct that amounts to gross negligence, but Wright's conduct here, "viewed in light of all the evidence, including evidence indicative of good faith, ... indicate[s] sufficient culpability to require a finding of intent to deceive." Kingsdown Medical Consultants Ltd. v. Hollister Inc., 863 F.2d at 876, 9 USPQ2d at 1392. "Such intent usually can only be found as a matter of inference from circumstantial evidence." Hewlett-Packard Co. v. Bausch & Lomb Inc., 882 F.2d 1556, 1562, 11 USPQ2d 1750, 1755 (Fed.Cir.1989). "Intent need not, and rarely can, be proven by direct evidence. It is most often proven by 'a showing of acts the natural consequences of which are presumably intended by the actor.' " Merck & Co. v. Danbury Pharmacal, Inc., 873 F.2d at 1422, 10 USPQ2d at 1686 (quoting Kansas Jack, Inc. v. Kuhn, 719 F.2d 1144, 1151, 219 USPQ 857, 861 (Fed.Cir.1983)).
 
 
 10
 There was no substantial evidence that Wright and his patent attorney acted in good faith when they misrepresented the prior art and failed to disclose Wirco's prior sales of closely related furnace baskets. Wirco likens this case to Kingsdown, 863 F.2d at 873, 9 USPQ2d at 1389, where we disapproved the district court's finding of intent to deceive, characterizing the attorney's mistake as a "ministerial act". But we cannot characterize the drafting of the prior art section of the patent application as a "ministerial act," even if it is copied from an earlier application. There is an affirmative duty to disclose known intervening prior art to the PTO.
 
 
 11
 Wirco also points to Wright's forthright testimony about what he and the attorney told the examiner and the possibility that Wright may not have understood the technical language of the oath or been able to evaluate what was and what was not prior art. But it was the job of his patent attorney, trained and experienced in patent matters, to advise him to disclose any prior art sales related to the invention being claimed. The pattern of conduct in this case, the misrepresentation of the prior art in the specification and the failure to disclose the prior sales of closely related furnace baskets, amply support the court's finding of intent to mislead the PTO. Merck & Co. v. Danbury Pharmacal, Inc., 873 F.2d at 1422, 10 USPQ2d at 1686.
 
 Attorney Fees
 
 12
 A finding of inequitable conduct does not automatically result in an award of attorney fees under 35 U.S.C. Sec. 285. "Only after the prevailing party has established the exceptional nature of the case by clear and convincing evidence" should the district court exercise its discretion to award attorney fees. Machinery Corp. of America v. Gullfiber AB, 774 F.2d 467, 471, 227 USPQ 368, 371 (Fed.Cir.1985). A decision on attorney fees is disturbed only if the district court abused its discretion. J.P. Stevens Co. v. Lex Tex Ltd., 822 F.2d 1047, 1050, 3 USPQ2d 1235, 1237 (Fed.Cir.1987). That court was in the best position to evaluate Wirco's conduct during discovery and trial and to determine whether it warranted the award of attorney fees. We see no reason to question the conclusion that it did not.
 
 
 13
 ---------------
 
 
 
 * Richard Mills, District Judge of the United States District Court for the Central District of Illinois, sitting by designation.