904 F.2d 44
 15 U.S.P.Q.2d 1831
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
PIONEER RESEARCH, INC., Plaintiff-Appellant,
v.
WILSON LABORATORIES, INC., Defendant-Appellee.
PIONEER RESEARCH, INC., Plaintiff-Appellee,
v.
WILSON LABORATORIES, INC., Defendant-Appellant.
 Nos. 90-1020, 90-1108.
 United States Court of Appeals, Federal Circuit.
 May 4, 1990.
 
 Before MARKEY, Chief Judge, MAYER, Circuit Judge, and HUBERT WILL, Senior District Judge.*
 PER CURIAM.
 
 
 1
 The judgment of the district court, 12 USPQ2d 1432 (C.D.Calif.1989), that the MWX-1000S disc drive tester manufactured and sold by Wilson Laboratories, Inc. does not infringe U.S. Patent 4,348,761 assigned to Pioneer Research, Inc., and that the patent is invalid under 35 U.S.C. Sec. 102(b) because the patented invention was on sale more than one year before the patent application was filed, is affirmed on the basis of the district court's opinion.
 
 
 2
 The denial of Wilson's motion for attorney fees, 35 U.S.C. Sec. 285, is likewise affirmed. The district court considered whether, as in Hughes v. Novi American, Inc., 724 F.2d 122, 124 (Fed.Cir.1984), Pioneer pursued the case long after it was demonstrated that there was no reasonable basis for continuing the suit, but concluded that Pioneer proceeded to trial with a good faith belief that it could show that the sale to AT & T was for experimental purposes.
 
 
 3
 Contrary to Wilson, Hughes is not controlling here. In that case, we affirmed an award of attorney fees, finding no abuse of discretion. Here, on the other hand, Wilson has the difficult task of demonstrating that the district court abused its discretion in not awarding attorney fees. J.P. Stevens Co. v. Lex Tex Ltd., 822 F.2d 1047, 1050 (Fed.Cir.1987). Even if we might have reached a different result, or might have affirmed had the district court gone the other way, that is not sufficient reason to reverse under the abuse of discretion standard. RCA Corp. v. Data General Corp., 887 F.2d 1056, 1065 (Fed.Cir.1989).
 
 
 4
 Moreover, in contrast to Hughes, the existence of an on sale bar was not clear in this case. See J.P. Stevens, 822 F.2d at 1051. It required a consideration of "[a]ll of the circumstances surrounding the sale or offer to sell, including the stage of development of the invention and the nature of the invention." UMC Electronics Co. v. United States, 816 F.2d 647, 656 (Fed.Cir.1987). We see no error of law nor reliance on clearly erroneous findings of fact in the court's denial of attorney fees.
 
 
 
 *
 Senior Judge Hubert Will of the United States District Court for the Northern District of Illinois, sitting by designation