Phin COHEN, M.D., Plaintiff, Appellant,

v.

**PRESIDENT AND FELLOWS OF HARVARD COLLEGE, et al., Defendants, Appellees.**

No. 83–1670.

United States Court of Appeals, First Circuit.

Argued Feb. 10, 1984.
Decided March 13, 1984.

---

Nathan Lewin, Washington, D.C., with whom David O. Stewart, Miller, Cassidy, Larroca & Lewin, Washington, D.C., Albert F. Cullen, Jr., Robert V. Carr, and Cullen & Wall, Boston, Mass., were on brief, for plaintiff, appellant.

George Marshall Moriarty, Boston, Mass., with whom Elizabeth Goddard, and Ropes & Gray, Boston, Mass., were on brief, for defendants, appellees.

Before COFFIN, Circuit Judge, GIG-NOUX,* Senior District Judge, and ZO-BEL,** District Judge.

PER CURIAM.

Appellant, a former assistant professor of nutrition at the Harvard School of Public Health, brought suit almost seven years ago, alleging that Harvard violated his First and Fifth Amendment rights by failing to renew his appointment as an assistant professor in retaliation for his complaints about the expenditure of federal grant monies at the Harvard School of Public Health. The next five years were devoted to considerable discovery, after which an amended complaint was filed, adding two state law claims. The parties then joined in a stipulation of facts and submitted to the district court the question of whether there was sufficient federal involvement in the decision not to renew plaintiff's appointment to constitute government action. The court granted defendants' motion for summary judgment and dismissed the complaint. *Cohen v. President and Fellows of Harvard College*, 568 F.Supp. 658 (D.Mass.1983).

This appeal, after the attenuated proceedings below, illustrates the pertinency of the maxim: "Time makes ancient good uncouth". To which we add that time does not necessarily render recent revelation cognizably couth. What has happened here is a changing of the issues with a changing of the guard. Able counsel aggressively represented plaintiff in the district court on a theory of federal involvement based on the receipt by Harvard of federal monies and an alleged connection between plaintiff's complaints about the supposed misuse of such funds and the termination of his employment. However arguable this theory might have been at the outset of this litigation in 1977, it has been clearly foreclosed by such cases as *Blum v. Yaretsky*, 457 U.S. 991, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982), *Rendell-Baker v. Kohn*, 457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982), and *Gerena v. Puerto Rico Legal Services, Inc.*, 697 F.2d 447 (1st Cir.1983). Now come able new counsel on appeal, asserting the claims that today seem most viable.

With notable understatement, present counsel explain that "the principal grounds asserted by trial counsel ... have been affected by recent Supreme Court rulings. Other grounds were not emphasized below but are now presented in this appeal". They are (1) a private claim for damages implied from a federal criminal statute prohibiting obstruction of justice, 18 U.S.C. § 1510; (2) a civil rights claim under 42 U.S.C. § 1985(1) which protects those who hold a federal "trust or place of confidence"; and (3) First and Fifth Amendment claims, Harvard's decision to terminate plaintiff's appointment now being described as the critical factor in cutting off plaintiff's federal funding and thus as constituting the necessary government action.

None of these theories, claims, or statutes were pleaded, argued, or briefed during the six and one half years when this case lodged in the district court. It is difficult for us to imagine why, in the light of *Johnston v. Holiday Inns, Inc.*, 595 F.2d 890 (1st Cir.1979), and our consistent

---

* Of the District of Maine, sitting by designation.

** Of the District of Massachusetts, sitting by designation.

practice before and since, appellant could feel that a new game could be started at this date.

In fairness to appellant, however, we have read, listened to, and pondered over his new arguments to see whether they are so compelling that to foreclose their consideration would abet a gross miscarriage of justice. The implied "obstruction of justice" right of action for civil damages springs from a single case, involving a different statute, the doctrine having been unenthusiastically noted by the Supreme Court. The civil rights cause of action is predicated on an unusual and expansive reading of "trust or place of confidence". And the "termination of appointment equals termination of federal funding" argument for federal action confronts more than arguably inconsistent stipulations of fact. Each theory would face an uphill battle. None can be said to be compelling.

*Affirmed.*