Linda L. HEBERT, et al., Plaintiffs,
Appellants,

v.

Cordelia WICKLUND, d/b/a Lake
Farm, et al., Defendants,
Appellees.

No. 84–1050.

United States Court of Appeals,
First Circuit.

Argued May 7, 1984.

Decided July 12, 1984.

Richard F. McCarthy, Boston, Mass., with whom Richard E. Bennett, and Willcox, Pirozzolo & McCarthy P.C., Boston, Mass., were on brief, for plaintiffs, appellants.

Nonnie S. Burnes, Boston, Mass., with whom Richard S. Boskey, and Hill & Barlow, Boston, Mass., were on brief, for defendant, appellee Cordelia Wicklund.

Before COFFIN and BREYER, Circuit Judges, and PETTINE,* Senior District Judge.

COFFIN, Circuit Judge.

Appellants Linda and Roger Hebert appeal from an award of summary judgment and attorney's fees to defendant Cordelia Wicklund in a copyright infringement action arising out of Wicklund's alleged copying of the Heberts' basketweaving kit.[1] In granting Wicklund's motion for summary judgment, the district court noted that the Heberts had produced no evidence to counter Wicklund's evidence that she had writ-

---

* Of the District of Rhode Island, sitting by designation.

1. The Heberts sought damages and injunctive relief under the Copyright Act of 1976, 17 U.S.C. § 501 *et seq.* They also sought relief under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and under Mass.Gen.Laws ch. 93A, §§ 2 & 11.

ten and marketed her kit long before receiving the Heberts' copyrighted material.

The Heberts contend that the district court abused its discretion in accelerating the pace of this litigation, thereby denying the Heberts an opportunity to conduct discovery prior to the district court's disposition of Wicklund's summary judgment motion. The Heberts further contend that the record, although hurriedly assembled, contained sufficient genuine issues of material fact concerning copyright infringement to preclude summary disposition.

On July 6, 1983, the Heberts filed their verified complaint along with a motion for a temporary restraining order and preliminary injunction. On July 18, Wicklund filed an opposition to the Heberts' motion. Wicklund also filed a motion for summary judgment and a supporting affidavit that explained her prior publication and sale of her basketweaving kit. Also on July 18, the court held a hearing on the Heberts' motion for provisional relief. Cecil Ryan, a shop owner in Suncook, New Hampshire, testified for Wicklund. He stated that he had been selling Wicklund's kit at his shop since January 1981 and that the instructions in Wicklund's kit had remained substantially unchanged since that time. The record indicated that Wicklund did not receive a copy of the Heberts' kit until August 1982.

At the close of the hearing, the court denied the Heberts' request for injunctive relief on the grounds that they had not demonstrated a likelihood of success on the merits. The court warned that if the Heberts could not contradict Ryan's testimony concerning prior use, then that testimony would probably warrant summary judgment for Wicklund.

On July 28, the Heberts filed an opposition to Wicklund's motion for summary judgment. The Heberts cited Fed.R.Civ.P. 56(f) in asking the court to delay decision of the motion pending further discovery. Also on July 28, the court directed the parties to file supporting affidavits within five days, and informed the parties that Wicklund's motion for summary judgment would be decided on affidavits, without further hearing, and that the court would consider any sworn and uncontradicted testimony given at the July 18 hearing. A clerk of the court apparently informed the Heberts' counsel of this order by telephone on July 28.

Five days later, on the August 2 deadline, the Heberts filed a motion to dismiss without prejudice, which they withdrew on August 10 following Wicklund's opposition. On August 3, the Heberts' counsel wrote an undocketed letter to the district court's courtroom clerk. The letter asked the clerk to bring to the court's attention the Heberts' motion to dismiss. The letter further requested that the court delay a decision on Wicklund's summary judgment motion pending further investigation and examination of the then-unavailable transcript of the July 18 hearing.

On August 16, two weeks after the August 2 deadline, the Heberts filed the affidavit of attorney Fred Scribner III, an investigator retained by the Heberts' counsel. The Scribner affidavit compared the instructions and diagrams in the Hebert and Wicklund basketweaving kits and recounted Scribner's conversations with Cecil Ryan, the shop owner who had testified for Wicklund at the July 18 hearing, and with Mrs. Pat Smalley, who had purchased several of Wicklund's kits from Ryan's store. On Wicklund's motion, the court struck the Scribner affidavit on the grounds that it was untimely [2] and violative of Fed.R. Civ.P. 56(e) for containing "nothing except inadmissible opinions and hearsay". Memorandum and Order, Dec. 5, 1983, App. 248.

---

**2.** With respect to Wicklund's motion for summary judgment, filed July 18, the court had extended the 10-day period for filing oppositions and supporting affidavits and memoranda, Local Rule 12(a)(2), by five days, from July 28 to August 2. According to the district court's docket sheet, the Scribner affidavit was two weeks late. The Heberts' counsel had not even retained Scribner until August 5, three days after the deadline. Affidavit of Richard F. McCarthy, Sept. 1, 1983, App. 229.

The Heberts then attempted to take several depositions, but Wicklund filed a motion for a protective order staying discovery pending a decision on her motion for summary judgment. The depositions remained untaken as of December 5, when the court granted Wicklund's motion for summary judgment and awarded Wicklund her requested $1,400 in attorney's fees.

The judgment against the Heberts seems attributable to their inattention both to the central issue of prior use and to the Federal Rules of Civil Procedure in the crucial weeks following the July 18 hearing. The Ryan testimony at that hearing and the Wicklund affidavit filed the same day presented facts that formed the foundation of Wicklund's defense of prior use. The Heberts could not then simply rest on their evidence that they possessed valid copyrights on their kit and catalogue, that the Hebert and Wicklund kits had many similarities, and that Wicklund had obtained a copy of the Heberts' kit and catalogue in August 1982.

As of the district court's August 2 deadline, the Heberts had filed no affidavits or other documents on the issue of prior use. The Heberts' verified complaint and the affidavit of Linda Hebert detailed the similarity of the Hebert and Wicklund kits, but neither document mentioned, much less refuted, Wicklund's defense of prior use. In the Scribner affidavit, the Heberts attempted to attack Wicklund's assertion of prior use, but the district court properly rejected that affidavit for the reasons stated. *See supra* page 220 (affidavit untimely and in violation of Rule 56(e) in several respects).

■ We can understand how the Heberts might have been unable to marshal facts to "prove the negative"—that Wicklund had not published or marketed her kit prior to August 1982, when she acquired the Heberts' kit—in the brief period permitted by the court. However, the Federal

Rules provide an escape hatch. Rule 56(f) states:

> "Should it appear from the affidavits of a party opposing the [summary judgment] motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

The Heberts did not comply with the rule. They never filed an affidavit presenting reasons why they could not present facts essential to justify their opposition. The Heberts now contend' that three submitted items constituted the functional equivalent of a 56(f) affidavit: (1) their opposition to Wicklund's motion for summary judgment; (2) an undocketed letter from their counsel to the district court's courtroom clerk; and (3) the Scribner affidavit. We will examine these documents in order.

(1) The opposition is not an affidavit. The opposition explicitly refers to Rule 56(f) in asking for more time to proceed with depositions and other discovery, but it gives no reasons for the requested delay. Reference is made to the verified complaint and to the affidavit of Linda Hebert, but these documents neither mention the issue of prior use nor explain the need for more time. Nonetheless, the district court in fact responded to the Heberts' request by granting a five-day extension, but the Heberts filed nothing in that five-day period besides a motion, subsequently withdrawn, to dismiss without prejudice.

(2) The letter sent by the Heberts' counsel to the courtroom clerk on August 3 similarly does not satisfy the requirements of Rule 56(f). The letter was not docketed; it was not an affidavit; and it was not submitted by a party.[3] The Heberts suggest that *Littlejohn v. Shell Oil Co.*, 483

---

**3.** The district court noted the letter's deficiencies: "This court cannot function efficiently or fairly if attorneys assume that this type of casual representation is sufficient to invoke the pow-ers of this court. I did not recognize this letter as a motion, and would have denied it if I had." Memorandum and Order, Dec. 5, 1983, App. 248.

F.2d 1140, 1146 (5th Cir.) (en banc), *cert. denied*, 414 U.S. 1116, 94 S.Ct. 849, 38 L.Ed.2d 743 (1973), required the district court to treat the letter as a Rule 56(f) affidavit. In *Littlejohn*, the Fifth Circuit, "[o]ut of an abundance of caution and to prevent a possible injustice", treated a non-affidavit pleading filed by plaintiff's counsel in an antitrust suit as sufficient under Rule 56(f).

■ *Littlejohn* does not require acceptance of the Heberts' counsel's letter as a Rule 56(f) affidavit. The *Littlejohn* submission (a) was docketed (b) within applicable time limits and (c) referred to the specific facts that the plaintiff needed to discover from the defendants to oppose their summary judgment motion. In the case at bar, the district court would have been justified in rejecting the letter for being either undocketed or late. Moreover, the letter's request for more time was not so compelling so as to convince the court that only a more-than-flexible application of Rule 56(f) would avoid an injustice. The August 3 letter stated that the Heberts needed an extension of the deadline because the transcript of the July 18 hearing would not be available until August 8. Admittedly, the transcript would have permitted the Heberts to fine tune any rebuttal to the prior use defense presented through the testimony of Ryan, the sole witness at the hearing. But the transcript was by no means indispensable, considering that the Heberts' counsel had attended the hearing and had cross-examined Ryan, and that Ryan's entire testimony, which was simple and straightforward, occupied but seven pages of a twenty-one-page transcript. App. 116–22.

(3) The Scribner affidavit was untimely, Scribner is not a party, and his affidavit did not state reasons why the Heberts could not file opposing affidavits. His affidavit was not labelled as a Rule 56(f) affidavit, and no accompanying motion or pleading designated his affidavit as a 56(f) submission.

■ In sum, the district court acted well within its discretion in not treating the opposition, the letter, or the Scribner affidavit as Rule 56(f) affidavits. *See, e.g., Wallace v. Brownell Pontiac-GMC Co.,* 703 F.2d 525, 527 (11th Cir.1983) (to invoke Rule 56(f), party must file affidavit stating reasons why more time is needed); *SEC v. Spence & Green Chemical Co.,* 612 F.2d 896, 901 (5th Cir.1980) ("The determination of the adequacy of nonmovant's rule 56(f) affidavits and the decision whether to grant a continuance thereon rests in the sound discretion of the trial court."), *cert. denied*, 449 U.S. 1082, 101 S.Ct. 866, 66 L.Ed.2d 806 (1981). Although a district court should generally apply Rule 56(f) liberally, the court need not employ the rule to spare litigants from their own lack of diligence. 10A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure: Civil 2d § 2740, at 532–35 (1983). "The most obvious indication of lack of diligence is a failure on the part of the non-movant to present affidavits under either subdivision (e) or (f)." *Id.* § 2740, at 535. The Heberts' actions fall within this definition of "lack of diligence". The Heberts had a brief but sufficient opportunity to file either Rule 56(e) affidavits creating a genuine issue of fact concerning prior use or Rule 56(f) affidavits giving reasons why Rule 56(e) affidavits could not be filed by the court-imposed deadline.[4]

**4.** Many cases state that continuances should be routinely granted under Rule 56(f) where the moving party has sole possession of the relevant facts that the non-moving party needs to oppose the summary judgment motion, *e.g., Ward v. United States*, 471 F.2d 667, 670 (3d Cir.1973); *Concord Laboratories, Inc. v. Concord Medical Center*, 552 F.Supp. 549, 554 (N.D.Ill.1982) (trademark infringement case in which defendant moved for summary judgment on basis of defense of continuous prior use, but plaintiff survived motion in part because material evidence was in defendant's control); 10A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure: Civil 2d § 2741, at 545–48 (1983), but this maxim represents a factor that the court should consider only after the non-moving party has complied with the requirements of the rule. *See, e.g., Wallace v. Brownell Pontiac-GMC Co.*, 703 F.2d at 527; *Contemporary Mission, Inc. v. United States Postal Service*, 648 F.2d 97, 107 (2d Cir.1981).

## Attorney's Fees

██ The Heberts also appeal from an award of $1,400 in attorney's fees to Wicklund. The district court awarded the fees under the Copyright Act of 1976, 17 U.S.C. § 505, which states:

"In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."

On July 18, the day on which Wicklund filed her (ultimately successful) motion for summary judgment, Wicklund also filed a separate motion for attorney's fees. On August 3, Wicklund's counsel filed a supporting affidavit that detailed her work on the case. The Heberts made no response, before or after judgment, to Wicklund's motion or affidavit for attorney's fees. Wicklund contends that the Heberts may not for the first time on appeal challenge the district court's assessment of attorney's fees. We agree.

The Heberts offer two reasons why we should not apply this circuit's usual rule barring appeal of issues not advanced in the district court. *See, e.g., Cohen v. President & Fellows of Harvard College,* 729 F.2d 59, 60–61 (1st Cir.1984) (per curiam); *Johnston v. Holiday Inns, Inc.,* 595 F.2d 890, 894 (1st Cir.1979).

The Heberts argue that they implicitly opposed the motion for attorney's fees, which may be awarded only to a prevailing party, when they filed their opposition to Wicklund's motion for summary judgment. Even if we accept this statement, on appeal the Heberts have presented an entirely distinct reason for disallowing fees. Below, they argued against an award of fees because Wicklund was not entitled to be the prevailing party. On appeal, they have argued, with substantial case support, that even if Wicklund prevails on the merits, she should not be awarded fees because she has not shown that the Heberts' suit was frivolous, vexatious, or brought in bad faith. We can easily imagine circumstances under which plaintiffs in the Heberts' position could lose on the merits but still make an *independent,* successful argument against a defendant's motion for attorney's fees. *See, e.g., Jartech, Inc. v. Clancy,* 666 F.2d 403, 407 (9th Cir.) (affirming Copyright Act judgment for defendants based on defense of "fair use", but reversing award of attorney's fees because plaintiffs' suit was not frivolous), *cert. denied,* 459 U.S. 826, 879, 103 S.Ct. 59, 175, 74 L.Ed.2d 62, 143 (1982). In the context of this case, the merits and fees are separate issues, and opposition on the merits does not suffice to preserve this challenge to an award of attorney's fees.

██ The Heberts also contend that they had no obligation to respond to Wicklund's motion for attorney's fees, because Wicklund had prematurely applied for fees before the court had declared her the "prevailing party". However, a district court may, and often does, simultaneously decide the merits and the attorney's fees issues of a suit. Such a disposition, where possible, represents an economical use of judicial resources, not only for the district court, but also for the court of appeals, which is thereby spared the burden of piecemeal appeals on the merits and on fees. *Cf. White v. New Hampshire Department of Employment Security,* 455 U.S. 445, 454, 102 S.Ct. 1162, 1168, 71 L.Ed.2d 325 (1982). The fee award in this case should not have come as a total surprise to the Heberts. Wicklund had filed a separate motion for fees with a detailed supporting affidavit, and the district court had stated at the July 18 hearing that it would end the suit if the Heberts could not refute Wicklund's evidence of prior use. Thereafter, the Heberts "proceeded at their own risk in not filing a proper opposition to the request for fees, not requesting a hearing, ... and in not indicating, even in a perfunctory manner, that they would oppose an award of fees if [their summary judgment opposition

was unsuccessful]". *Kargman v. Sullivan,* 589 F.2d 63, 67 (1st Cir.1978).[5]

We conclude that the Heberts have not properly preserved the issue of attorney's fees. *See Pye v. Mitchell,* 574 F.2d 476, 484 (9th Cir.1978) (under fee provision of old Copyright Act, appellant could not for the first time on appeal challenge appellees' summary of compensable hours); *cf. Miles v. Sampson,* 675 F.2d 5, 9–10 (1st Cir.1982) (party may not on appeal make his initial demand for hearing on issue of attorney's fees under 42 U.S.C. § 1988). The Heberts' appeal of the district court's award of attorney's fees to Wicklund is not so compelling that our failure to give it full consideration constitutes a gross miscarriage of justice. We review awards of attorney's fees under the Copyright Act only for abuse of discretion, *see, e.g., Hughes v. Novi American, Inc.,* 724 F.2d 122, 125–26 (Fed.Cir.1984); *Twentieth Century Music Corp. v. Frith,* 645 F.2d 6, 7 (5th Cir.1981) (per curiam), and the district court awarded a modest fee ($1,400) for extremely able work.

*Affirmed. Costs to appellees. No assessment of attorney's fees for work performed on the appeal.*

---

**5.** Our present ruling should come as no surprise to the Heberts' counsel, who was counsel for the plaintiffs in *Kargman.*