**COMMONWEALTH ALUMINUM CORPORATION and Enterprise Metal Corporation, Plaintiffs,**

v.

**Frank MARKOWITZ, Gary S. McMahon, American Highway Sign Corporation, Amsign Corporation, and Jecon Metals Corporation, Defendants.**

**Civ. A. No. 94–30265–MAP.**

United States District Court, D. Massachusetts.

Oct. 3, 1995.

---

Evan Slavitt, Mary P. Murray, Hinckley, Allen, Snyder & Comen, Boston, MA, for Commonwealth Aluminum Corporation, Enterprise Metal Corporation.

C. Brian McDonald, Bulkley, Richardson & Gelinas, Springfield, MA, for Frank Markowitz, Amsign Corporation, Jecon Metals Corporation.

Mark E. Draper, Annino, Draper & Moore, P.C., Springfield, MA, for Gary S. McMahon.

*MEMORANDUM AND ORDER REGARDING PLAINTIFFS' MOTION FOR CONTINUANCE (Docket No. 30)*

NEIMAN, United States Magistrate Judge.

Counsel for all parties appeared before the Court on September 14, 1995, with regard to Plaintiffs' Motion for Continuance (Docket No. 30) and Defendants' Motion for Summary Judgment (Docket No. 11). The Court also heard argument on Plaintiffs' Motion to Strike Affidavits of Richard Golber, Constance Katz–Golber, Frank Markowitz and Ronald Whitaker (Docket No. 21). For the reasons set forth below, the Court orders that a continuance be granted. Since the Court is granting Plaintiffs' motion for a continuance, it will not, at this time, act on the motion for summary judgment. Plaintiffs' motion to strike has been denied.

## BACKGROUND

Plaintiffs Commonwealth Aluminum Corporation and Enterprise Metal Corporation, suppliers of aluminum and metal products, seek to recover damages from the Defendant sign company ("American Highway Sign"), which purportedly requested and received Plaintiffs' products. Plaintiffs also seek to recover damages from a former officer of American Highway Sign ("McMahon"), two related corporations, and others. Plaintiffs allege that Defendants, through artifice and deception, caused Plaintiffs to continue to ship their products to American Highway Sign, which was deeply in debt, despite the fact that its principals were winding down the company and pursuing possible changes.

Plaintiffs initiated this action on November 18, 1994 and Defendants answered by January 18, 1995. The next docketed activity occurred on June 7, 1995 when all of the Defendants, except for McMahon, filed a joint motion for summary judgment, based solely on the affidavits of Defendant Markowitz, Richard Golber, Constance Katz–Golber and Ronald Whitaker. On August 4, 1995, Plaintiffs filed the following: (i) their opposition to Defendants' motion for summary judgment, which is based solely on the

affidavits of Stephen Williamson, Jerry Price, Arthur Raskin, Gary Murch, Laurie McConnell, Peter Gude and Susan Henry; (ii) their motion to strike; (iii) their motion to file a memorandum of law in excess of twenty pages, which was granted; and (iv) their motion for a continuance.[1] On August 7, 1995, Plaintiffs filed a thirty-one page "Consolidated Memorandum" in support of their various motions.

## DISCUSSION

 Pursuant to Federal Rule of Civil Procedure 56(f), Plaintiffs have moved for a continuance of Defendants' summary judgment motion in order to obtain discovery.[2] Rule 56(f) is the vehicle by which the party opposing summary judgment may defer judgment by demonstrating "an authentic need for, and an entitlement to, an additional interval in which to marshal facts essential to mount an opposition." *Morrissey v. Boston Five Cents Savings Bank,* 54 F.3d 27, 35 (1st Cir.1995) (citing *Resolution Trust Co. v. North Bridge Assocs.,* 22 F.3d 1198, 1203 (1st Cir.1994)) (internal quotations omitted). The Rule prevents a party from being "railroaded by a premature motion for summary judgment." *Celotex Corp. v. Catrett,* 477 U.S. 317, 326, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The First Circuit has recognized the "salutary purposes" of Rule 56(f) and indicated that it "is intended to safeguard against judges swinging the summary judgment axe too hastily." *Resolution Trust,* 22 F.3d at 1203 (citations omitted). Thus, a court "should construe motions that invoke the rule generously, holding parties to the rule's spirit rather than its letter." *Id.*

 Rule 56(f) requires that a party seeking a continuance because of incomplete discovery do the following:

(i) make an authoritative and timely proffer; (ii) show good cause for the failure to have discovered these essential facts sooner; (iii) present a plausible basis for the party's belief that facts exist that would likely suffice to raise a genuine and material issue; and (iv) show that the facts are discoverable within a reasonable amount of time.

*Morrissey,* 54 F.3d at 35 (citations omitted). A court has considerable discretion to relax, or even excuse, one or more of the requirements in order to address the exigencies of a given case. *Resolution Trust,* 22 F.3d at 1203. See also *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 2511 n. 5, 91 L.Ed.2d 202 (1986). As such, the rule and its requirements should be liberally construed. *Resolution Trust,* 22 F.3d at 1203.

 Defendants argue that Plaintiffs' failure to proffer "by affidavit" the reasons why they are unable to present facts essential to justify their opposition precludes a continuance. Although Defendants cite the First Circuit's decision in *Resolution Trust,* they fail to recognize that court's liberal interpretation of the authoritativeness requirement of Rule 57(f). In addition, Defendants have not cited *Paterson–Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.,* 840 F.2d 985, 988 (1st Cir.1988), a case in which the First Circuit "stated unequivocally that a Rule 57(f) proffer may acceptably take the form of 'written representations of counsel subject to the strictures of Fed.R.Civ.P. 11.'" *Resolution Trust,* 22 F.3d at 1204. Compare, *Hebert v. Wicklund,* 744 F.2d 218, 221 (1st Cir.1984), which "stands only for the proposition that an undocketed letter from a lawyer is not a sufficient Rule 56(f) proffer." *Id.*

---

1. Because the parties had themselves agreed to an extension for Plaintiffs to oppose the summary judgment motion, Plaintiffs failed to file their opposition within the required time-limit. Unaware of the parties' agreement, District Court Judge Michael A. Ponsor initially granted Defendants' motion. On July 11, 1995, however, Judge Ponsor recognized the parties' agreement, retracted his order granting summary judgment and gave Plaintiffs until August 4, 1995 to file their opposition.

2. Federal Rule of Civil Procedure 56(f) states:

 Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Plaintiffs' submissions are more than adequate to satisfy the authoritativeness requirement of Rule 56(f). Despite the absence of a formal affidavit, Plaintiffs' counsel does explain, in two docketed submissions, why a continuance is necessary.[3] Moreover, Plaintiffs indicate, in numerous places in their thirty-one page consolidated memorandum, that permitting discovery would allow them to better respond to Defendants' contentions regarding several key issues.[4] In addition, Plaintiffs' memorandum is accompanied by seven affidavits which arguably support both their opposition to summary judgment and their motion for a continuance. In sum, as in *Resolution Trust*, "[t]his case floats comfortably within the safe harbor contemplated by the *Paterson–Leitch* court." *Resolution Trust*, 22 F.3d at 1204 (holding that counsel's sole affidavit is sufficiently authoritative to support a Rule 56(f) motion). See also *id.*, at 1202, 1204 n. 7 (noting that a Rule 56(f) motion accompanied only by descriptive memorandum of counsel and no affi-

davit "appears to have been meritorious" given other documented evidence).

■ There can be no dispute that Plaintiffs' motion is timely. "[A] party must invoke Rule 56(f) within a reasonable time following a motion for summary judgment." *Resolution Trust*, 22 F.3d at 1204, 1205 (holding that over three months between motion for summary judgment and filing of third extension motion is not "outside the realm of reasonableness"). Here, Defendants assented to, and the Court granted, an extension of about one month for Plaintiffs to answer the June 7, 1995 motion for summary judgment. Plaintiffs opposed the motion and moved for a continuance within that month and within two months after Defendants' motion was originally filed. Their consolidated memorandum was filed three days later. Further, there is no evidence that *any* discovery has . begun, including automatic discovery stemming from a Rule 26(f) meeting, or that the parties have even met for a pretrial scheduling conference, see . Rule 16(b).[5] As such, Plaintiff's timeliness in

---

**3.** In the motion for a continuance, Plaintiffs' counsel states:

> In support of this motion, the Plaintiffs note that no discovery from defendants has been obtained and many of the issues are intensively fact-based and much of the knowledge relevant to such disputes is uniquely in the hands of the Defendants. For example, in order to determine either actual or apparent authority of Gary McMahon to act on behalf of one or more of the other defendants, it is necessary to examine the relationship between and among the Defendants and any statements that may have been made by them to Mr. McMahon. Similarly, the ability of the Plaintiffs to pierce the corporate veil between American Highway Sign Corporation and Amsign, and between Amsign and Jecon can only be justly determined after discovery into the relationships between and among those corporations. In further support of this motion, the Plaintiffs submit an accompanying memorandum of law.

The memorandum of law, to which Plaintiffs refer, concludes:

> The minimal evidentiary record already available to the Plaintiffs demonstrates that the dealings between the various parties are not necessarily as clear cut or aboveboard as the Moving Defendants would have this Court believe. The record as developed warrants the denial of summary judgment outright. Should the Court decide to entertain this motion, however, the Plaintiffs respectfully request that, pursuant to Fed.R.Civ.P. 56(f), the Court grant them a continuance to permit the conduct of

> discovery. As discussed above, much of the relevant information is uniquely in the hands of the Defendants, available to the Plaintiffs only through the discovery process.

See Consolidated Memorandum, at 30.

**4.** See Consolidated Memorandum, at 6 n. 2 ("Plaintiffs do not necessarily agree that this Court is properly presented with facts to resolve the issues of agency or piercing the corporate veil."); 11 ("Th[e] question of agency depends in large part, on the actual relationship between McMahon and the other defendants, a matter which has not been tested or explored in discovery. Accordingly, pursuant to Fed.R.Civ.P. 56(f), Plaintiffs suggest that this issue be deferred until discovery can be had."); 16 ("[T]his Court should decline the invitation to resolve prematurely the matter [of apparent authority] before discovery has, in any meaningful sense, begun."); 22 n. 9 ("One might well ask to what extent the Moving Defendants are being honest with this Court in bringing an early *Celotex* motion knowing that there is contrary factual information and failing either to disclose it or to explain it."); and 24 ("Until the Plaintiffs can dissect [the corporate veil] scheme further by means of the discovery tools, it would be inappropriate to grant judgment.").

**5.** Even the summary judgment rule emphasizes the need for a developed factual record prior to a court's decision:

> The judgment sought shall be rendered forthwith *if the pleadings, depositions, answers to*

bringing a Rule 56(f) motion is even more compelling than in *Resolution Trust* where discovery was "due and owing," 22 F.3d at 1205, or in *Morrissey*, 54 F.3d at 35 where the defendant was already under an order to produce documents.

Similarly, there is no question that Plaintiffs have shown good cause in pursuing a continuance. As indicated above, Plaintiffs have both attempted to respond to Defendants' arguments and repeatedly indicated that discovery will enable them to mount a more compelling defense. Defendants' suggestion that Plaintiffs have "completely obfuscate[d]" the issue by moving for a continuance, on the one hand, and opposing summary judgment with a thirty-one page brief, on the other, see Defendants' Opposition, at 1, is without merit. According to the First Circuit, "Rule 56(f) is designed to minister to the vigilant, not to those who slumber upon perceptible rights." *Resolution Trust*, 22 F.3d at 1203. Despite assertions to the contrary, the Plaintiffs' decision to pursue alternative strategies is not only "vigilant," it is a completely rational response to Defendants' move to dispose of this case before any discovery has begun.

Plaintiffs have also demonstrated "a plausible basis for a belief that discoverable materials exist that would likely suffice to raise a genuine issue of material fact and, thus, defeat summary judgment." *Id.* at 1206 (citing *Nestor Colon Medina & Sucesores, Inc. v. Custodio*, 964 F.2d 32, 38 (1st Cir.1992), and *Price v. General Motors Corp.*, 931 F.2d 162, 164 (1st Cir.1991)). Counsel's Rule 56(f) proffer, which is not subject to the "more harrowing evidentiary standard" of Rules 56(e) and 56(c), *Id.*, at 1206–1207, articulates several specific areas of discovery raised either by Plaintiffs' complaint or Defendants' motion—e.g., agency and piercing the corporate veil—which Plaintiffs' wish to pursue.[6] The complaint, the parties' briefs, and the discussion at hearing, clearly indicate that these issues are central components of this case.

## CONCLUSION

For the foregoing reasons, the Court ALLOWS Plaintiffs' motion for a continuance and orders the parties to proceed with discovery limited to those issues raised by the parties' respective positions regarding Defendants' motion for summary judgment. Plaintiffs and all Defendants (except McMahon) have until October 30, 1995 to propound interrogatories and requests for production of documents and until December 29, 1995 to obtain depositions. Plaintiffs and Defendants are limited to the taking of four (4) depositions per side. By January 26, 1996, Plaintiffs shall file a brief supplemental to their opposition to Defendants' motion for summary judgment and Defendants shall file their supplemental brief by February 23, 1996.

IT IS SO ORDERED.

---

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c) (emphasis added). See also *Flanders & Medeiros, Inc. v. Bogosian*, 65 F.3d 198, 201 (1st Cir.1995); and *Mendes v. Medtronic, Inc.*, 18 F.3d 13, 15 (1st Cir.1994).

**6.** Defendants assert that Plaintiffs' arguments concerning the existence of authority and corporate veil piercing are "weak." See Defendants' Opposition, at 2–3 and n. 1. Despite the obvious distinction between *weak* and *non-existent* arguments, the Court notes that Plaintiffs' case may be strengthened through discovery. In granting a continuance, however, the Court offers no opinion as to the ultimate viability of Plaintiffs' various theories of recovery or their ability to withstand summary judgment.